José Hernández, peticionario y apelante, *v.* Ernesto Meléndez, Alcaide de la Cárcel de Distrito de Aguadilla, recurrido; y El Pueblo de Puerto Rico, opositor y apelado.

No. 4373.—*Sometido:* Mayo 20, 1931. *Resuelto:* Mayo 26, 1931.

*García Méndez & García Méndez,* abogados del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

José Hernández, acusado ante la corte de distrito de Aguadilla, por el delito de asesinato, fué arrestado y se hallaba bajo la custodia de Ernesto Meléndez, Alcaide de la cárcel de distrito de Aguadilla, a virtud de mandamiento expedido por el Fiscal del distrito citado, cuando acudió a la misma corte de distrito de Aguadilla, con una petición de *habeas corpus,* fundada en que el fiscal que ordenó su arresto, habiendo presentado contra él su acusación, no tenía prueba alguna para justificar que se había cometido tal delito de asesinato por el peticionario, y que la acusación mostraba

*prima facie* un caso de homicidio voluntario, y que el fiscal no tenía prueba alguna contra el acusado, de que éste hubiera cometido asesinato, homicidio o cualquier delito. Pidió a la corte la libertad del acusado, y en el caso de probarse que el fiscal tenía alguna prueba de homicidio, se ordenara la reducción de la calificación del delito.

La corte ordenó la expedición del mandamiento a Ernesto Meléndez, que compareció con la persona del peticionario; el caso fué tramitado y oído con la intervención del fiscal, quien aportó su prueba; y la corte resolvió declarar sin lugar la petición de *habeas corpus*. Contra esta resolución ha apelado José Hernández, señalando un error como sigue:

"Cometió manifiesto error de hecho y de derecho el tribunal inferior al declarar sin lugar el presente recurso de *habeas corpus* y resolver que la prueba introducida, apreciada en conjunto, es suficiente a todas luces para sostener la calificación de asesinato hecha por el Hon. Fiscal de la Corte de Distrito de Aguadilla."

Hemos visto la copia de las declaraciones que a más de presentarse en transcripción de evidencia, se inserta en el alegato. Creemos que hay prueba bastante para justificar el arresto del acusado. Si el acusado, en ese concepto o por esas razones, está detenido o arrestado, o encarcelado, lo está legalmente; y el auto de *habeas corpus* se da para impedir una prisión, o privación de libertad, ilegal.

*La resolución apelada debe ser confirmada.*